UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRIAN MCALLISTER,<br>　　Plaintiff, | :<br>:<br>: | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09-cv-1888 (VLB) |
| PRICE RITE, INC./WAKEFERN FOOD<br>CORPORATION, KATHY FREEMAN,<br>PATRICK STRAMAGLIA, LOU WHITE,<br>RALPH FAPPIANO, HOWARD<br>FRUCHTERMAN, and MATT PALMER<br>　　Defendants. | :<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br>March 1, 2012 |

### MEMORANDUM OF DECISION GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS [Dkt. #8]

Plaintiff, Brian McAllister ("McAllister"), proceeding pro se, brings this case of employment discrimination against his former employer, Price Rite, Inc. ("Price Rite"), a grocery store chain, Price Rite's parent corporation, Wakefern Food Corportion ("Wakefern"), and several individual employees of Price Rite. McAllister alleges that Defendants failed to promote him on several instances on account of his race and color and subsequently fired him in retaliation for the complaint he filed with the Connecticut Commission on Human Rights following the instances of failure to promote. Currently pending before the Court is Defendants' Partial Motion to Dismiss McAllister's failure to promote claims as barred by a prior settlement agreement, and the claims against Wakefern and the individual employees of Price Rite.

1

I.     Factual Background

The following facts are taken from Plaintiff's complaint; however, given the dearth of factual allegations in Plaintiff's complaint, the Court will note in several instances that facts have been taken from the Defendants' partial motion to dismiss.

As Defendants note in their partial motion to dismiss, Plaintiff, McAllister, began working for PriceRite in its Bridgeport, Connecticut store on September 13, 2005. McAllister alleges that he was refused a promotion by Defendants on March 28, 2008, in May 2008, June 2008, and June 12, 2008. On July 24, 2008, McAllister filed a complaint of race and color discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). McAllister filed a complaint with the Equal Employment Opportunities Commission ("EEOC") as well.

McAllister reports that he was terminated from his employment at Price Rite on November 25, 2008. He alleges that this termination occurred in retaliation for his complaint of race and color discrimination filed with the CHRO following the series of denied promotion opportunities. McAllister alleges that the alleged discrimination occurred in May 2008, on June 6, 2008, June 12, 2008, October 24, 2008 and October 27, 2008.

On September 2, 2009, the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter. The EEOC and CHRO determined that there was no probable cause to believe that discrimination occurred.

II.     Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "The plausibility

3

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). In addition, the Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Here, McAllister has attached a Notice of Right to Sue Letter issued by the Equal Employment Opportunity Commission to establish that his administrative remedies were exhausted as is essential to his Title VII claim. Additionally, McAllister attached a Fact Finding Report to his complaint, referred to in his complaint as the fact finding results of the Employment Securities Appeals Division relied upon by both the CHRO and EEOC in issuing their Notice of Right to Sue Letter.  The Court's analysis of the motion to dismiss may include these two documents as they were both attached to the complaint as exhibits and relied upon by McAllister in bringing suit. *See McCarthy*, 482 F.3d at 191.

4

III.   Discussion

At the outset, the Court notes that McAllister has made several concessions narrowing the issues disputed at this motion to dismiss phase. First, McAllister has conceded that the correct name of the Defendant Price Rite is "Price Rite" and not "Price Rite, Inc." Accordingly, Court will direct the Clerk's Office to modify the Defendant's title on the docket to reflect this correction. Additionally, McAllister has conceded that all individual defendants should be dismissed from the action. Therefore the Court will direct the Clerk's office to terminate Kathy Freeman, Patrick Stamaglia, Lou White, Ralpha Fappiano, Howard Fruchterman, and Matt Palmer from the case. Lastly, McAllister clarifies that he has not raised a "failure to promote" claim, but merely includes allegations of instances of failure to promote as background to his Title VII claim which asserts that he was racially discriminated against and terminated in retaliation for filing a complaint with the CHRO.  McAllister states "I am baffled why the defendants would assert Failure to Promote as if it has any bearing in this matter," and continues by emphasizing the factual predicate for his Title VII claim, that he "was racially discriminated against and retaliated against as I did agree to duressing terms with defendants and returned to work. I had no idea that returning to PRRC Inc. would lead to further discrimination and retaliation." [Dkt. #24, Pl. Mem. in Opposition to Defs. Motion to Dismiss, p. 7]. Accordingly, as McAllister has clarified that he does not raise a claim of failure to promote, it is not necessary for the Court to address the Defendants' motion to dismiss McAllister's failure to promote claim as barred by a prior settlement agreement.

The sole remaining issue in dispute raised by Defendants motion to dismiss is the argument that McAllister's claims against Wakefern, the parent corporation of Price Rite, should be dismissed. Defendants argue that McAllister's claims contain no factual allegations to form the basis for liability on the part of Wakefern, noting that the sole reference to Wakefern in McAllister's complaint is the notation of Wakefern's address in New Jersey.

The Court agrees that the complete lack of factual allegations pertaining to any basis for Wakefern's alleged liability precludes the existence of any plausible claim for relief against Wakefern. *See Iqbal*, 129 S. Ct. at 1949. Moreover, the Notice of Right to Sue Letter attached to McAllister's Complaint indicates that his EEOC complaint was filed only against Price Rite. Additionally, the Fact Finding Report of the Employment Securities Appeals Division relied upon by the EEOC in issuing their Right to Sue Letter lists the subject of McAllister's complaint as Price Rite, without any mention of Wakefern. Where Wakefern was not named as a defendant in McAllister's EEOC complaint, McAllister has not exhausted his administrative remedies against Wakefern, and thus may not pursue a Title VII claim against Wakefern in federal court. *See Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) ("A prerequisite to commencing a Title VII action against a defendant is the filing with the EEOC or authorized state agency of a complaint naming the defendant.") (citing 42 U.S.C. §2000e-5); *see also Williams v. Quebecor World Infiniti Graphics, Inc.*, No. 3:03cv2200 (PCD), 2007 WL 926901, at *2 (D.Conn. Mar. 23, 2007).

Although the Second Circuit has recognized a limited exception to this general rule that a defendant must be named in the administrative agency complaint, this exception, the "identity of interest" exception, applies only in circumstances where "there is a clear identity of interests between the unnamed defendant and the party named in the administrative charge." *Palma*, 931 F.2d at 209. The Second Circuit has adopted a four-part test to determine the applicability of this exception, including:

> Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *Id.* at 209-10.

McAllister has not presented any factual allegations to demonstrate that this exception could be applied to Wakefern such that his failure to name Wakfern in his CHRO and EEOC complaints could be excused. Accordingly, even if McAllister had included factual allegations against Wakefern to state a plausible claim for relief, he has failed to exhaust his administrative remedies against Wakefern or plead facts to trigger the applicability of the "identity of interests" exception to the exhaustion of administrative remedies requirement and therefore he may not pursue a Title VII claim against Wakefern.

Finally, even if McAllister had pursued a CHRO or EEOC complaint against Wakefern, McAllister would need to plead facts to allege the basis for imposing liability against Wakefern as the parent company of Price Rite under Title VII. The Second Circuit has held that a parent corporation may be considered the employer of a subsidiary's employees if the parent and subsidiary may be treated as a "single employer" on the basis of a four factor test. *See Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235 (2d Cir. 1995) (articulating the four-factor test for "single employer" as including (1) the interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control). McAllister has failed to set forth *any* factual predicate to allege that Wakefern may be held liable under Title VII as the employer of Price Rite's employees under this four factor test.

Accordingly, as McAllister has failed to state a plausible claim for relief against Wakefern, has failed to exhaust his administrative remedies against Wakefern, and has failed to plead the basis for holding Wakefern liable as a parent corporation under Title VII, McAllister's claim against Wakefern is DISMISSED.

IV.     Conclusion

Based upon the above reasoning, McAllister's claims against the individual defendants and against Wakefern are hereby DISMISSED. Additionally, the Court will direct the Clerk's office to correct the name of the Defendant Price Rite, Inc. to Price Rite, consistent with the Defendant's notification of the correct title of the corporation and McAllister's acknowledgment of this fact.

                                          **IT IS SO ORDERED.**
                                          **_____/s/_____**
                                          **Hon. Vanessa L. Bryant**
                                          **United States District Judge**

**Dated at Hartford, Connecticut: March 1, 2012**